UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY J. MERKEL,

                Plaintiff,                      Case Number 07-11171
                                                               Honorable David M. Lawson
v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE FINDINGS OF THE COMMISSIONER**

The plaintiff filed the present action on March 19, 2007 seeking review of the Commissioner's decision denying the plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand to award her benefits or to remand the case for further assessment of the plaintiff's credibility and for additional testimony from a vocational expert. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Binder filed a report on January 4, 2008 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation. This matter is now before the Court for *de novo* review.

The Court has reviewed the file, the report and recommendation and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions. In her objections, the plaintiff challenges the magistrate judge's conclusion that substantial evidence supports the Administrative Law Judge's (ALJ) determination that the plaintiff was not disabled. This general objection, in turn, is phrased in the two specific claims articulated in the plaintiff's motion for summary judgment: the ALJ's determination of the plaintiff's residual functional capacity (RFC) is defective because it does not include all of the plaintiff's mental limitations as described by the state agency psychologist; and the ALJ then erred by failing to incorporate the findings of the state agency psychologist into the hypothetical question posed to the vocational expert.

The plaintiff, who is currently fifty-six years old, applied for disability insurance benefits on November 5, 2003 when she was fifty-one. She completed high school, and worked as a cashier in a drug store and as an assembler for an automobile parts manufacturer. The plaintiff last worked on July 31, 2002, when she alleges she became disabled as a result of depression and an anxiety disorder. The plaintiff has also been diagnosed with Parkinson's disease and emphysema.

The plaintiff's application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. On December 13, 2005, she appeared before ALJ E. Patrick Golden. ALJ Golden filed a decision on April 12, 2006 in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since the onset date of her claimed disability, July 31, 2002 (step one); the plaintiff experienced depression, anxiety, and mild Parkinson's disease,

impairments, which were "severe" within the meaning of the Social Security Act, although the plaintiff's emphysema and transient ischemic attacks were not "severe" (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the and the plaintiff retained the RFC to perform her previous work as a cashier and parts assembler. Because the ALJ found that the plaintiff was capable of performing her past work, the ALJ never reached the fifth step of the analysis.

In determining RFC, the ALJ acknowledged that the plaintiff's mental deficits could produce the symptoms she described, but he discredited the plaintiff's statements regarding the intensity, duration, and effect of her symptoms because they were inconsistent with other evidence in the record. He rejected the conclusions of the state agency psychologist and the plaintiff's social worker for the same reason. The ALJ concluded that the plaintiff retained the capacity to perform a job requiring the following: lifting twenty pounds occasionally, lifting ten pounds frequently, pushing or pulling without limitation; performing postural activities at least occasionally; performing manipulative work in any environment; understanding, remembering and carrying out simple instructions; making judgments on simple work-related decisions; interacting appropriately with the public, supervisors and co-workers; responding appropriately to work pressures in a usual work setting; and responding appropriately to changes in a routine work setting. A vocational expert testified that the plaintiff's previous jobs as a cashier or assembler could be performed by someone who retained that functional capacity. Based on that finding, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on February 23, 2005.

The magistrate judge found that substantial evidence support the findings of the ALJ. The plaintiff argued in her motion for summary judgment that the ALJ confounded the concepts of performing simple work with the ability to performed sustained work using appropriate production standards (i.e., completing assigned tasks on time), which the plaintiff cannot do. Therefore, the plaintiff insists, the ALJ's determination of RFC and his hypothetical question incorporating his finding were defective.

This Court's task on review is not to give a fresh look at the evidence or reassess the determination of credibility. *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984) (holding that a reviewing court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility"). On the other hand, "[s]ubstantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id.* at 388 (internal quotes and citations omitted); *see also Laskowski v. Apfel,* 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000). But where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). As the magistrate judge correctly observed, the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted). The record in this case convinces the Court that the ALJ's decision falls within that "zone."

It does not appear that the plaintiff takes any issue with the ALJ's finding on her exertional ability. What she contests is the conclusion that the plaintiff can

> understand, remember and carry out simple instructions; make judgments on simple work-related decisions; interact appropriately with the public, supervisors and co-workers; respond appropriately to work pressures in a usual work setting; and respond appropriately to changes in a routine work setting.

Tr. at 22. If the plaintiff can do these things, she likely could perform her past relevant work. But the plaintiff says that this mental RFC determination is not supported by substantial evidence because it is contradicted by the state agency psychologist, which indeed it is.

There is other evidence in the record that is inconsistent with the psychologist's determination. For instance, the Macomb County Community Mental Health agency reported that during the latter part of 2004 through 2005, the plaintiff was "coping well," reported "feeling good," was "psychiatrically stable and was in good spirits," and has a "positive" "outlook on the future." Tr. at 289, 293, 302, 309, 310. The December 2004 treatment note stated, "This writer observed a completely different person since last visit. Mary Jo has a positive outlook to the future and is looking forward to summer. She did schedule another appointment for January 26, 2005. She will decide at that time if she needs to continue with therapy services. She reports that her family is pleased with her 'recovery.'" Tr. at 311. She declined continued psychotherapy in August 2005. The records also report incidents of social interaction (daughter's wedding, Super Bowl party, entertaining family in her home), performance of activities of daily living (cooking, cleaning, gardening, doing laundry, grocery shopping), and performing tasks (caring for pets).

The ALJ, then, was faced with opinions from a social worker and state agency psychologist that conflicted with other evidence in the record of the plaintiff's ability to function in the face of her mental impairments. The ALJ chose to determine the plaintiff's RFC based on the factual

evidence and disregard the professionals' opinions. He had a right to do that, and the Court cannot upset that determination because substantial evidence supports it. "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The evidence cited by the magistrate judge and discussed by the ALJ fits that definition.

It follows, then, that the hypothetical question was not defective, since it incorporated the facts found by the ALJ. The Commissioner makes that point that the hypothetical question is irrelevant, since expert testimony from a vocational expert is not necessary before the step-five analysis. According to the agency, however, vocational expert testimony is not required at that level of inquiry, but it is permitted. In the commentary to 20 C.F.R. § 404.1560(b), the Secretary notes:

> We also agree that VE testimony is not a requirement at step 4, but that VE testimony may be obtained at step 4 to provide evidence to help us determine whether or not an individual can do his or her past relevant work. We do not agree that the VE is or should be limited to testifying about how an individual's past relevant work is normally performed in the national economy. Although we agree that the ultimate responsibility for making the necessary findings at step 4 rests with our adjudicators, we believe that it is appropriate for our adjudicators to consider evidence from a VE, VS, or other vocational resource (along with the other evidence in the case record) on a broad range of step 4 issues to help them decide if an individual can do his or her past relevant work.

68 Fed. Reg. 51153, 51160. The propriety of the hypothetical question, therefore, is a proper concern for the Court, since it may furnish relevant information that the ALJ may consider in determining whether the plaintiff could do her past work.

But the rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is

required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). That is what the ALJ did here.

The Court cannot accept the plaintiff's argument that substantial evidence does not support the ALJ's RFC determination or that the hypothetical question was defective.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 13] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 9] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 12] is

**GRANTED**. The findings of the Commissioner are **AFFIRMED**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: July 29, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2008.

                                s/Felicia M. Moses
                                FELICIA M. MOSES